UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| WILLIAM HENRY EASLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:17-cv-00158-SEB-DML |
| | ) |
| S. MOSS Detective of Jeffersonville Police Department, | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Motion for Summary Judgment**

Plaintiff William Easley brings this action pursuant to 42 U.S.C. § 1983 alleging that Detective Sam Moss of the Jeffersonville Police Department violated his privilege against self-incrimination and his due process rights. Detective Moss seeks summary judgment on Easley's claims and Easley has not responded. For the following reasons, the motion for summary judgment is **granted**.

**Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017).

Easley failed to respond to Detective Moss's summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the summary judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

**Facts**

Easley alleges in the Complaint that he was interviewed by officers with the Jeffersonville Police Department on May 9, 2017 with regard to an armed robbery. He also alleges that Det. Sam Moss of the Jeffersonville Police Department denied his right to counsel,

failed to read him his *Miranda* rights, and otherwise violated his privilege against self-incrimination.

Detective Moss did not interview or interrogate the Plaintiff at any time. Although Detective Moss went to the scene of the robbery, spoke with the victims, and attempted to locate other vehicles suspected to have been involved in the robbery, he did not interview Easley.

**Discussion**

Detective Moss moves for summary judgment arguing that he was not personally involved in the alleged violations of Easley's constitutional rights. Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Detective Moss has presented evidence that he was not involved in Easley's interrogation. Because he was not involved in the interrogation, he did not participate in any alleged violation of Easley's rights. By failing to respond to the motion for summary judgment, Easley has failed to dispute this. It is therefore undisputed that Detective Moss did not violate Easley's rights and Detective Moss is entitled to summary judgment on Easley's claims.

**Conclusion**

For the foregoing reasons, Detective Moss's motion for summary judgment, dkt. [18], is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/23/2018

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM HENRY EASLEY
6654 S. Stewart
Chicago, IL 60621

Curtis Matthew Graham
MAZANEC RASKIN & RYDER CO LPA
cgraham@mrrlaw.com

Casey C. Stansbury
MAZANEK RASKIN & RYDER CO. LPA
cstansbury@mrrlaw.com